UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS MALDONADO,

                            Plaintiff,

                                                          **MEMORANDUM & ORDER**

                    - against -

                                                            03-CV-5957 (RJD)

JO ANNE B. BARNHART,
Commissioner of Social Security,

                          Defendant.
-----------------------------------------------------------X
DEARIE, District Judge.

      Pursuant to U.S.C. § 405(g), pro se plaintiff seeks review of defendant Commissioner's finding that he is not disabled. Plaintiff suffered a pelvic fracture in a car accident in 1978. The ALJ concluded that his resulting disability did not meet the twelve-month duration requirement of the Social Security Act. Commissioner moves for judgment on the pleadings. Plaintiff has filed no response to Commissioner's motion but submits new evidence to the Court in support of his claim.

      Plaintiff, who grew up in Puerto Rico and attended only five years of school, seeks benefits for the period beginning the day of the accident through his last date insured under the Social Security Disability ("SSD") program, December 31, 1983. Plaintiff originally applied for SSD benefits on March 14, 1984. That application was denied by an ALJ on August 1, 1984, and plaintiff did not appeal. Plaintiff's case was reopened, however, after he qualified for membership in the Stieberger and Dixon class action cases. See Stieberger v. Sullivan, 801 F.Supp. 1079 (S.D.N.Y. 1992), Dixon v. Sullivan, 792 F.Supp. 942 (S.D.N.Y. 1992). Plaintiff,

1

pro se, appeared before ALJ Manuel Cofresi on January 22, 2003. ALJ Cofresi considered plaintiff's claim *de novo* and denied it on May 7, 2003. This action followed.

Plaintiff bases his case primarily on his own testimony and on the assertions of two treating physicians, Drs. Surendranath K. Reddy and Harvey Salomon. Dr. Reddy, an orthopedic surgeon, treated plaintiff for several months after his accident and examined him again in the summer of 1983. Tr. 68. Dr. Salomon began treating plaintiff in the spring of 1984.[1] Tr. 94. More than four years after the accident, both doctors opined without elaboration that plaintiff remained unable to work. Tr. 68, 94.

ALJ Manuel Cofresi declined to give the opinions of Drs. Reddy and Salomon controlling weight, however. In fact, ALJ Cofresi's written opinion makes no mention of Dr. Reddy's opinion, reflected on an insurance form he completed for plaintiff on September 6, 1983, that plaintiff's condition was "unimproved," that plaintiff was "totally disabled," and that he would be unable to work for an "indefinite" period. Tr. 68. Dr. Reddy listed plaintiff's diagnosis as "Post Fractured Pelvins–Both Pubic Rami." Notably, Dr. Reddy indicated on this form that he had last examined plaintiff on July 14, 1983. The record does not contain his notes from that examination or from any other examinations that he performed during the years following plaintiff's accident—even though plaintiff asserted in 1984 that he had been seeing Dr. Reddy once a year since 1978. Tr. 55.

In a letter dated June 7, 1984 and addressed "to whom it may concern," Dr. Salomon wrote that plaintiff suffered from "persistent pain along the spine," prostate problems, chronic constipation, and chronic anxiety, all of which resulted from the accident. Tr. 94. "He has been

---

[1] Dr. Salomon's area of expertise is not indicated in the record.

unemployed for the past 6 years and I expect his unemployability will persist," Dr. Salomon concluded. Tr. 94. ALJ Cofresi does take note of this letter, but he dismisses Dr. Salomon's findings as "not sufficiently supported by objective evidence of record." Tr. 17. Indeed, the record includes only this brief letter from Dr. Salomon; the record does not contain any of Dr. Salomon's treatment notes or the results of any clinical tests he may have performed on plaintiff.

"[T]he ALJ, unlike a judge in a trial, must himself affirmatively develop the record." Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). In cases where the claimant is pro se, the ALJ has a heightened duty "'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980) (quoting Gold v. Sec'y of Health, Ed. & Welfare, 463 F.2d 38, 43 (2d Cir. 1972)). The reviewing court, in turn, has "a duty to make a 'searching investigation' of the record," especially "in a case in which the claimant is handicapped by lack of counsel, ill health, and inability to speak English well." Gold, 463 F.2d at 43 (quoting Miracle v. Celebrezze, 351 F.2d 361, 382-383 (6th Cir. 1965)).

The record is silent on what steps the ALJ took to procure additional evidence from Drs. Reddy and Salomon.[2] Moreover, plaintiff indicates in his supplementary filing with the Court that he saw at least two doctors during the relevant period who are absent from the administrative record altogether: Drs. Stuart I. Springer and Dante P. Dapolonia. See Pl. Ltr. dated July 5, 2004.

---

[2]Though plaintiff stated at the January 22, 2003 hearing that he did not continue seeing Dr. Reddy during the years after the accident, elsewhere in the record plaintiff states that he continued to see Dr. Reddy once a year through 1983. Tr. 55. Moreover, the insurance form Dr. Reddy completed indicates that he examined plaintiff in 1983. Most likely, plaintiff, who was testifying through an interpreter at the hearing, misunderstood ALJ Cofresi's question or was misunderstood by the interpreter.

Without a comprehensive picture of plaintiff's medical treatment, neither the Court nor the Commissioner can fairly assess his eligibility for SSD benefits. The case is therefore remanded to the Commissioner for further development of the record.

SO ORDERED.
Dated: Brooklyn, NY
      July 7, 2005

                                              RAYMOND J. DEARIE
                                              United States District Judge